WILLARD LA VERN OWENS AND DARLENE J. OWENS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owens v. Commissioner
Docket No. 7844-83.
United States Tax Court
T.C. Memo 1985-98; 1985 Tax Ct. Memo LEXIS 534; 49 T.C.M. (CCH) 871; T.C.M. (RIA) 85098; March 5, 1985. *534 Willard La Vern Owens, pro se. Jonathan Ono, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $538.00 in petitioners' Federal income tax for the year 1980. The sole issue is whether petitioners understated their income from dividends and interest. For the purpose of convenience we have combined our findings of fact and opinion. Petitioners, Willard L. and Darlene J. Owens, husband and wife, resided in Las Vegas, Nevada at the time they filed their petition herein. They filed a joint Federal income tax return for the taxable year 1980. Petitioners were divorced at the time of trial, and were represented at trial only by Willard Owens, who we shall hereinafter refer to as petitioner. On their return for 1980, petitioners reported dividend and interest income as follows: Dividends
Interstate Power Co.
$1,004
Iowa Electric Light & Power Co.
2,100
MGM
201
Total dividends
$3,305
Interest (source not specified)
$ 2
Petitioners claimed a $200 dividend exclusion, and reported taxable dividend income of $3,105. On the basis of information reported by payers, *535 respondent determined that petitioners received dividend and interest income in 1980 as follows: [1]
Dividends
Iowa Electric Light & Power Co.
$3,200
MGM Grand Hotels, Inc.
258
Metro-Goldwyn-Mayer Film
50
Interest
John Hancock Mutual Life
29
Petitioners do not dispute that they received the dividend and interest payments determined by respondent. Petitioners understated their idvidend income by $1,207 and their interest income by $27 on their 1980 return. [2]
Petitioner contends that he properly excluded from income a portion of the dividends received in 1980 because some portion was attributable to investments he made on behalf of his daughter. Sometime in the early or mid 1970s, petitioner's daughter was injured in an automobile accident. Petitioner *536 received a $5,000 check from an insurance company, which was intended to pay for his daughter's medical expenses. The check was made payable to petitioner. Petitioner initially invested the $5,000 in certificates of deposit, issued jointly in the names of petitioner and his daughter. [3] Some years later, petitioner cashed in the certificates of deposit and used the proceeds to purchase stock in Interstate Power Co. In 1980, petitioner sold the Interstate stock at a loss, [4] and used about $3,800 of the proceeds to purchase an automobile for his daughter, which he registered in his own name. Petitioner's total payments in connection with the automobile in 1980, including insurance, were approximately $4,500. After petitioners were divorced, petitioner transferred the title of the automobile to his daughter. *537 Although we find petitioner's testimony concerning the receipt of the $5,000 to be credible, he has failed to establish any basis for excluding from income the dividend payments in issue. [5] Petitioner testified that the insurance proceeds were ultimately invested in Interstate stock. The adjustments made to petitioners' 1980 income tax, however, relate only to dividends from Iowa Electric Light & Power Co., MGM Grand Hotels, Inc., and Metro-Goldwyn-Mayer Film. Thus, even if petitioner could establish that he acted as his daughter's agent when he invested the $5,000, he has failed to trace the unreported dividends to the insurance proceeds. Petitioner conceded that his daughter possessed no interest in any of the stock which generated the dividend income in question. [6]
Furthermore, even if petitioner *538 could demonstrate that the dividend income in question was derived from the original $5,000 insurance proceeds, such income would be taxable to petitioner by virtue of the fact that he at all times retained unfettered dominion and control over the proceeds. The original check was payable to petitioner, the certificates of deposit were issued jointly in the names of petitioner and his daughter, the Interstate stock was apparently issued in the name of either petitioner or his wife, and the automobile initially was registered in petitioner's name. Although petitioner may have felt obligated to use the insurance proceeds for his daughter's benefit, the record indicates that petitioner retained dominion over those funds and therefore cannot escape taxation on the income derived therefrom. [T]axation is not so much concerned with the refinements of title as it is with actual command over the property taxed * * * The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as income, whether he sees fit to enjoy it or not. [ (1930.] Decision will be entered *539 for the respondent.
Footnotes
1. The notice of deficiency made no reference to the $1,004 of dividends from Interstate Power Co., presumably because this income was reported correctly. There is no dispute concerning this item.↩
2. ↩
Dividend income received
Interstate Power
$1,004
Iowa Electric Light & Power Co.
3,200
MGM
308
$4,512
Dividend income reported
3,305
Unreported dividend income
$1,207
3. Petitioner indicated that he reported the interest income from the certificates of deposit on his income tax returns. ↩
4. On their 1980 return, petitioners reported a long term capital loss of $3,760 from the sale of Interstate Power Co. stock. The stock was reported as purchased in April 1979 and sold in December 1980. At trial, petitioner contended that he purchased the stock earlier than 1979, but his testimony regarding the various purchases of stock was quite vague.↩
5. Petitioner does not contend that the interest income in issue is related to the insurance proceeds, and has not presented any other argument for excluding that income. ↩
6. We also note that petitioners' reporting on their 1980 return of the capital loss from the sale of the Interstate stock is inconsistent with the theory that such stock was owned by their daughter.↩